JASON WAX (WSBA #41944)
RICHARD B. KEETON (WSBA #51537)
BUSH KORNFELD LLP
601 UNION STREET, SUITE 5000
SEATTLE, WA 98101
Tel: (206) 292-2110
Emails: jwax@bskd.com, rkeeton@bskd.com

HONORABLE FREDERICK P. CORBIT

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re<br><br>KATE QUINN ORGANICS, INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 25-00445-FPC11<br><br>**DEBTOR'S MODIFIED AMENDED PLAN OF REORGANIZATION** |

Kate Quinn Organics, Inc. (the "Debtor"), debtor-in-possession in the above-captioned chapter 11 bankruptcy case, proposes its *Debtor's Modified Amended Plan of Reorganization* (the "Plan") pursuant to Subchapter II of Chapter 11 of the Bankruptcy Code:

## ARTICLE I. DISCLOSURE STATEMENT

The Debtor has filed a Disclosure Statement pursuant to 11 U.S.C. § 1125 and Bankruptcy Rule 3016(c). The Disclosure Statement has been approved by the Bankruptcy Court prior to this Plan being submitted to Creditors. The Disclosure Statement provides useful information to aid and assist Creditors in voting on the Plan. YOU ARE URGED TO READ THE DISCLOSURE STATEMENT WITH CARE IN EVALUATING THE IMPACT OF THE PLAN UPON YOUR CLAIMS.

## ARTICLE II. DEFINITION OF TERMS

### 2.1 Definitions

A term used in this Plan that is not defined below and that is defined in the Bankruptcy Code shall have the meaning ascribed in the Bankruptcy Code. When used in this Plan, the following terms shall have the meanings specified below, unless the context otherwise requires:



BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2.1.1 Administrative Expense Claim: An Allowed Claim entitled to priority under § 507(a)(2) of the Bankruptcy Code, including (a) Claims incurred by the Debtor since the Petition Date and allowed by the Court of a type described in § 503(b) of the Code; (b) all Allowed Claims of Professional Persons pursuant to §§ 330 and 331 of the Code and Bankruptcy Rule 2016; and (c) all fees and charges assessed against the Estate under 28 U.S.C. § 1930.

2.1.2 Allowed Claim: Any Claim in the amount and of the priority classification set forth in the proof of such Claim that has been filed timely in the Bankruptcy Case, or in the absence of such proof, as set forth in the Debtor's Schedules of liabilities filed in the Bankruptcy Case, unless:

(i) such Claim has been listed in such Schedules as disputed, contingent, or unliquidated, in which case such Claim shall be allowed only in such amount and such classification as is authorized by Final Order of the Bankruptcy Court;

(ii) such Claim has been objected to or is objected to after Confirmation, in which case such claim is authorized by Final Order of the Bankruptcy Court; or,

(iii) such Claim has been paid in full, withdrawn, or otherwise deemed satisfied in full.

2.1.3 Avoidance Actions: Any Claim or cause of action of the Estate arising out of or maintainable pursuant to Chapter 5 of the Bankruptcy Code or under any other similar applicable law, including but not limited to potential actions against Katherine Quinn related to distributions made to Ms. Quinn or for her benefit within the 12 month-period prior to the Petition Date.

2.1.4 Ballot: The form for acceptance or rejection of the Plan distributed to those Creditors entitled to vote on the Plan.

2.1.5 Bankruptcy Case: The chapter 11 case of the Debtor pending before the Bankruptcy Court administered under Case No. 25-00445-FPC11.

2.1.6 Bankruptcy Code or Code: The Bankruptcy Code enacted November 6, 1978, as set forth in Title 11 of the United States Code, and as amended thereafter.

2.1.7 Bankruptcy Court or Court: The United States Bankruptcy Court for the Eastern District of Washington, before which the Bankruptcy Case is pending, or if that Court ceases to exercise jurisdiction over the Bankruptcy Case, the Court that does exercise jurisdiction.

2.1.8 Bankruptcy Rules: The Federal Rules of Bankruptcy Procedure.



BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2.1.9 Business Day: Any day except Saturday, Sunday or a "legal holiday" as defined in Bankruptcy Rule 9006(a)(6).

2.1.10 Cash: Cash or cash equivalents including, but not limited to, bank deposits, wire transfers, checks, and other similar items.

2.1.11 Causes of Action: Any and all claims, rights, actions, causes of action, liabilities, obligations, suits, debts, remedies, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, controversies, variances, trespasses, rights of setoff, third party claims, subordination claims, subrogation claims, contribution claims, reimbursement claims, indemnity claims, action for substantive consolidation, counterclaims, and cross claims, damages, or judgments whatsoever, whether known or unknown, reduced to judgment, liquidated or unliquidated, fixed or contingent, matured or unmatured, disputed or undisputed, foreseen or unforeseen, asserted or unasserted, in law, at equity, or by statute. For the avoidance of doubt, the term "Causes of Action" includes Avoidance Claims.

2.1.12 Claim: A claim as defined in § 101(5) of the Bankruptcy Code.

2.1.13 Claims Bar Date: May 23, 2025, the deadline for filing Proofs of Claim in this Bankruptcy Case by all Persons other than Governmental Units; and September 10, 2025, the deadline for filing Proofs of Claim by Governmental Units.

2.1.14 Class: A class of Claims or Interests as defined in Article III of this Plan.

2.1.15 Collateral: Any Estate asset that is subject to a Lien to secure the payment or performance of a Claim, which Lien is perfected and not subject to avoidance under the Bankruptcy Code or otherwise invalid or unenforceable under the Bankruptcy Code or applicable non-bankruptcy law.

2.1.16 Confirmation: The entry of the Confirmation Order by the Bankruptcy Court.

2.1.17 Confirmation Order: The order of the Bankruptcy Court confirming the Plan pursuant to Section 1129 of the Bankruptcy Code.

2.1.18 Creditor: A "creditor" within the meaning of § 101(10) of the Bankruptcy Code.

2.1.19 Debtor: Kate Quinn Organics, Inc., the debtor and debtor in possession in this Bankruptcy Case.

2.1.20 Disputed Claim: A filed or scheduled Claim of an alleged Creditor that was listed in the Debtor's Schedules as "disputed," and which has not subsequently been allowed, or as to which a party-in-interest has filed an objection.



BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2.1.21 ECF No.: The identifying number of the relevant document as reflected on the docket for the Bankruptcy Case that is maintained by the Bankruptcy Court.

2.1.22 Effective Date: The first Business Day that is at least fifteen (15) days following the entry of the Confirmation Order, unless such order is subject to a stay.

2.1.23 Equity Holder: Katherine Quinn, the Holder of all the Equity Interests.

2.1.24 Equity Interest: An equity interest in the Debtor of any class, whether preferred or common.

2.1.25 Estate: The Estate created for the Debtor pursuant to § 541 of the Bankruptcy Code.

2.1.26 Exculpated Parties: The Debtor and its attorneys, consultants, financial advisors, accountants, and other advisors and agents (acting in such capacity).

2.1.27 Federal Judgment Rate: The rate of interest in effect as of the Effective Date provided for under 28 U.S.C. § 1961 for post-judgment interest in federal court proceedings.

2.1.28 Final Order: An order entered by a court of competent jurisdiction as to which (i) no appeal therefrom remains pending, and (ii) all rights of appeal have either lapsed or been exhausted and time-barred.

2.1.29 Governmental Unit: A "governmental unit" as defined in § 101(27) of the Bankruptcy Code.

2.1.30 Guarantor: Katherine Quinn, as guarantor of an applicable obligation.

2.1.31 Holder: A holder of a Claim or Equity Interest, as the case may be.

2.1.32 Insider: An "insider" within the meaning Bankruptcy Code § 101(31).

2.1.33 IRS: The Internal Revenue Service.

2.1.34 Lien: Any lien, security interest, pledge, title retention agreement, encumbrance, leasehold, charge, mortgage, or hypothecation to secure payment of a debt or performance of an obligation, other than, in the case of securities and any other equity ownership interests, any restrictions imposed by applicable United States or foreign securities laws.

2.1.35 Local Rules or LBR: The Local Rules of Bankruptcy Procedure for the United State Bankruptcy Court for the Eastern District of Washington, as the same may be amended from time to time to the extent applicable to chapter 11 cases.



BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2.1.36 Notice and Hearing: Proceedings as contemplated under Bankruptcy Code § 102(1).

2.1.37 Operating Reserve: The minimum working capital cash reserve the Debtor shall seek to maintain at all times, in the amount of $300,000. In order to maintain the Operating Reserve in its prescribed minimum amount, and given the cyclical nature of the Debtor's operations, the Debtor's month-end cash balances may from time to time exceed the applicable amount of the Operating Reserve to allow for full funding of the Operating Reserve as of July 15 of each year.

2.1.38 Person: A "person" as defined in § 101(41) of the Bankruptcy Code.

2.1.39 Petition Date: March 14, 2025, the date upon which the voluntary petition was filed with the Bankruptcy Court commencing the Bankruptcy Case.

2.1.40 Plan: The Debtor's Plan of Reorganization, as such may be amended or modified from time to time.

2.1.41 Premises: That certain commercial real property and improvements thereon, located at 17624 15th Avenue SE, Suites A-107 and A-110, Bothell, WA 98021, that comprise the Debtor's operating premises.

2.1.42 Premises Lease: That certain *Business Park Lease* and ancillary documents by and between the Debtor and Tabit Partners concerning the Debtor's lease of the Premises.

2.1.43 Priority Tax Claimant: A Holder of a Priority Tax Claim.

2.1.44 Priority Tax Claim: An Allowed Claim of a Governmental Unit for the principal amount of a tax within the meaning of § 507(a)(8) of the Code, and statutory interest accruing thereon prior to the Petition Date.

2.1.45 Professional Person: A Person, including a trustee (if one is appointed), retained or to be compensated pursuant to §§ 326, 327, 328, 330, and/or 1103 of the Bankruptcy Court.

2.1.46 Proof of Claim: A proof of claim filed in compliance with Bankruptcy Rule 3003.

2.1.47 Pro Rata: Proportionally, so that the ratio of the amount distributed on account of a particular Allowed Claim to the amount of such Allowed Claim is the same as the ratio of the amount distributed on account of all Allowed Claims in the Class of which such particular Allowed Claim is a member to the total amount of all Allowed Claims in such Class.



BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2.1.48 Rejection Claim: Any Claim for monetary damages as a result of the rejection of any prepetition executory contract or unexpired lease, whether rejected pursuant to the Confirmation Order or otherwise.

2.1.49 Reorganized Debtor: The Debtor on and following the Effective Date.

2.1.50 SBA: The United States Small Business Administration.

2.1.51 SBA Claim: The Claim of the SBA against the Debtor.

2.1.52 SBA Loan Documents: Those certain loan documents executed and delivered by and between the SBA and Debtor, which collectively form the bases for the SBA Claim, as set forth in the SBA Proof of Claim.

2.1.53 Schedules: The schedules of assets, liabilities and executory contracts and the statement of financial affairs filed on behalf of the Debtor pursuant to § 521 of the Bankruptcy Code, and in accordance with the Bankruptcy Rules, as each has been, or may be, amended and supplemented from time to time.

2.1.54 Secured Claim: An Allowed Claim that is a secured Claim against a Debtor determined in accordance with § 506(a) of the Bankruptcy Code.

2.1.55 SOFA: The Statement of Financial Affairs (Official Form 207) the Debtor filed in the Bankruptcy Case on March 28, 2025 [ECF No. 47], as such may be amended from time to time.

2.1.56 Unclassified Claim: A Claim that is not designated in a Class pursuant to § 1123(a)(1) of the Code, including Administrative Expense Claims and Priority Tax Claims.

2.1.57 Unsecured Claim: A Claim that is (a) based upon (i) a proof of claim executed and filed in accordance with Bankruptcy Rule 3003(c) prior to the Claims Bar Date, or (ii) the listing of the Claim in the Debtor's schedules of liabilities as other than disputed, contingent or unliquidated, and (b) not a Secured Claim or an Unclassified Claim.

2.1.58 U.S. Trustee: The Office of the United States Trustee for the Eastern District of Washington.

## 2.2 Rules of Interpretation

The rules of construction set forth in § 102 of the Bankruptcy Code shall apply to the Plan.



BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

## ARTICLE III.
## CLASSIFICATION OF CLAIMS AND INTERESTS

**3.1 Summary and Classification of Claims.** All Claims, as defined in § 101(5) of the Bankruptcy Code, against the Debtor are classified as set forth herein. A Claim is in a particular Class only to the extent it qualifies within the definition of such Class and is in a different Class to the extent it qualifies within the definition of such different Class. The following table summarizes the Classes of Claims under the Plan:

Class 1: Secured Claim of U.S. Small Business Administration
Class 2: Secured Claim of BRE Jupiter B East WA Owner, LLC
Class 3: Claim of CFT Clear Finance Technology Corp.
Class 4: Claim of LG Funding LLC
Class 5: Claim of Ouiby Inc. d/b/a Kickfurther
Class 6: Claim of Shopify Capital Inc.
Class 7: Claim of Capybara Capital, LLC
Class 8: Claim of Essentia Funding
Class 9: Claim of Fox Funding Group LLC
Class 10: Claim of Pinnacle Business Funding LLC
Class 11: General Unsecured Claims
Class 12: Interests of Equity Holders

NOTWITHSTANDING ANY OTHER TERM OR PROVISION OF THE PLAN, NO DISTRIBUTIONS WILL BE MADE ON ACCOUNT OF ANY CLAIM THAT IS NOT AN ALLOWED CLAIM AND NO RIGHTS WILL BE RETAINED ON ACCOUNT OF ANY CLAIM THAT IS A DISALLOWED CLAIM.

**3.2 Classification and Voting Controversies**

3.2.1. If a controversy arises regarding whether any Claim is properly classified under the Plan, then the Bankruptcy Court shall, upon proper motion and notice, determine such controversy at the Confirmation Hearing.

3.2.2. If the Bankruptcy Court finds that the classification of any Claim is improper, then such Claim shall be reclassified and the Ballot previously cast by the Holder of such Claim shall be counted in, and the Claim shall receive the treatment prescribed in, the Class in which the Bankruptcy Court determines such Claim should have been classified, without the necessity of resoliciting any votes on the Plan.



BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

## ARTICLE IV.
## PROVISIONS FOR SATISFYING CLAIMS AND SPECIFYING TREATMENT OF EACH CLASS UNDER THE PLAN

There are eleven Classes of Claims and one Class of Equity Interests, and certain other Claims are Unclassified Claims pursuant to applicable provisions of the Bankruptcy Code. If the Court confirms the Plan and the Plan becomes effective, the Class into which each Allowed Claim and Allowed Interest fits will determine the manner in which such Claim or Interest will be treated. The Plan treatment with respect to each Class of Claims and Interests is as follows:

### 4.1 Unclassified Claims

4.1.1 Administrative Expense Claims. As defined herein, Administrative Expense Claims are (a) claims incurred by the Debtor following the Petition Date and allowed by the Court of a type described in § 503(b) of the Code; (b) all Allowed Claims of Professional Persons pursuant to §§ 330 and 331 of the Code and Bankruptcy Rule 2016; and (c) all fees and charges assessed against the Estate under 28 U.S.C. § 1930. Claims incurred in the ordinary course of the Reorganized Debtor's business following the Petition Date shall be paid in the ordinary course of business in accordance with the terms and conditions of the particular agreements governing such obligations. Claims of Professional Persons shall be paid on the later of the Effective Date or the date each such Claim becomes an Allowed Claim. Claims arising under 28 U.S.C. § 1930 shall be paid as required under such statutory section.

4.1.2 Priority Tax Claims. As defined under the Plan, Priority Tax Claims are Allowed Claims of taxing agencies that are entitled to priority in accordance with section 507(a)(8) of the Bankruptcy Code. Priority Tax Claims include the principal portion of the applicable tax and interest accrued thereon through the Effective Date but do not include any penalties. Generally, each Priority Tax Claim will be paid over sixty (60) months in equal monthly installments commencing on the fifteenth (15th) day of the first full month following the Effective Date, until paid in full. In addition to these monthly distributions, the Reorganized Debtor shall pay to Priority Tax Claimants, Pro Rata, on July 15 of each year, commencing on July 15, 2026, all cash on hand in excess of the Operating Reserve, until all Priority Tax Claims are paid in full. Simple interest shall accrue on each Priority Tax Claim at the Federal Judgment Rate until paid in full. Notwithstanding the forgoing payment schedule, the Reorganized Debtor shall have the option to prepay any Priority Tax Claim in full or in part at any time, and no prepayment penalty or other fee shall apply to such prepayment.

In the event that the Reorganized Debtor fails to timely make a required payment as to any Priority Tax Claim or the Reorganized Debtor fails to timely file and pay all post-Confirmation taxes due to any Priority Tax Claimant, then, subject to a thirty (30) day right to cure following written notice of default from the respective Priority Tax Claimant, such Priority Tax Claimant shall be permitted to exercise any and all of its



BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

collection remedies under non-bankruptcy law as to any and all of its claims without further order of the Court.

The rights of Priority Tax Claimants to setoff under Bankruptcy Code § 553 shall not be altered by the Plan or the Confirmation Order entered in the Bankruptcy Case and are expressly reserved and shall survive Confirmation. Any Priority Tax Claim is subject to adjustment on account of federal corrections, as required by applicable state law or other non-bankruptcy law. Notwithstanding any other provisions of the Plan and Confirmation Order, each Priority Tax Claimant shall retain any and all statutory tax Liens that may have arisen by operation of statute prior to the Petition Date, except to the extent expressly stated in the Plan. Notwithstanding any other provisions in the Plan and Confirmation Order, Priority Tax Claims are expressly recognized to be nondischargeable, and the same are not included in any discharge that may be issued in the Bankruptcy Case, absent a judgment to the contrary in an adversary proceeding filed and served in accordance with Bankruptcy Rules 7003 and 7004.

4.1.3 Priority Tax Claim of Texas Comptroller of Public Accounts. Notwithstanding anything else to the contrary in this Plan or the Confirmation Order, the Texas Comptroller of Public Accounts (the "Texas Comptroller") reserves the following rights: (a) any statutory or common law setoff rights in accordance with 11 U.S.C. § 553; (b) any rights to pursue any non-debtor third parties for tax debts or claims; (c) the payment of interest on the Texas Comptroller's allowed Administrative Expense Claim, if any; (d) to the extent that interest is payable with respect to any allowed Administrative Expense Claim or Priority Tax Claim of the Texas Comptroller, payment of the statutory rate of interest pursuant to Texas Tax Code § 111.060; and (e) the Texas Comptroller is not required to file a motion or application for payment of Administrative Expense Claims pursuant to 11 U.S.C. § 503(b)(1)(D).

Allowed Priority Tax Claims owed to the Texas Comptroller shall be paid in full in equal monthly installments of principal and interest no later than sixty (60) months from the Petition Date, commencing on the fifteenth (15th) day of the first full month following the Effective Date. Notwithstanding the forgoing payment schedule, the Reorganized Debtor shall have the option to prepay any Priority Tax Claim of the Texas Comptroller in full or in part at any time, and no prepayment penalty or other fee shall apply to such prepayment. The Texas Comptroller's allowed Priority Tax Claim shall accrue interest at the statutory rate of interest from the Effective Date until paid in full.

## 4.2 Classified Claims and Equity Interests

### 4.2.1 Class 1: Secured Claim of U.S. Small Business Administration

Class 1 consists of the Secured Claim of the U.S. Small Business Administration (the "Class 1 Claim"), as more fully described below. The Class 1 Claim shall be paid according to the following terms:



BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104



25-00445-FPC11 Doc 123 Filed 09/16/25 Entered 09/16/25 15:29:52 Pg 9 of 22

4.2.1.1 Allowance of Claim. The Class 1 Claim shall be allowed under sections 502(a) and 506(a) of the Bankruptcy Code as a Secured Claim in the amount of $144,089.49.

4.2.1.2 Retention of Security Interests. The SBA's Lien shall be unaffected by Confirmation of the Plan and shall continue to exist following the Effective Date.

4.2.1.3 Satisfaction of Class 1 Claim. The Reorganized Debtor shall pay the Holder of the Class 1 Claim the allowed amount of the Class 1 Claim in 60 equal monthly installments until paid in full. The Reorganized Debtor shall pay interest on the Class 1 Claim at the rate of 3.75% per annum. The first monthly payment shall be due on the fifteenth (15th) day of the first full calendar month that begins at least fourteen days after the Effective Date of the Plan. Each subsequent payment shall be due on the fifteenth (15th) day of each subsequent month. There shall be a seven-day grace period for all payments due on the Class 1 Claim.

4.2.1.4 Prepayment. The Reorganized Debtor shall have the option to prepay the Class 1 Claim in full or in part at any time and no prepayment penalty or other fee shall apply to such prepayment.

4.2.1.5 Impairment. Class 1 is impaired under the Plan.

**4.2.2 Class 2: Secured Claim of BRE Jupiter B East WA Owner, LLC**

Class 2 consists of only the secured portion of the Claim of BRE Jupiter B East WA Owner, LLC (the "Class 2 Claim"), as more fully described below. The Class 2 Claim shall be paid according to the following terms:

4.2.2.1 Allowance of Claim. The Class 2 Claim shall be allowed under sections 502(a) and 506(a) of the Bankruptcy Code as a Secured Claim in the amount of $38,327.38.

4.2.2.2 Satisfaction of Class 2 Claim. On or promptly following the Effective Date, the Holder of the Class 2 Claim shall apply the security deposit it is holding on behalf of the Debtor in the amount of $38,327.38 to pay the Secured Claim of BRE Jupiter B East WA Owner, LLC in full.

4.2.2.3 Impairment. Class 2 is impaired under the Plan.

**4.2.3 Class 3: Claim of CFT Clear Finance Technology Corp.**

Class 3 consists of the Claim of CFT Clear Finance Technology Corp. (the "Class 3 Claim"), as more fully described below. The Class 3 Claim shall be treated as follows:



BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

4.2.3.1 Allowance of Claim. The Class 3 Claim shall be allowed or disallowed, as the case may be, whether prior to or following Confirmation, in such amount as to which the Debtor and the Holder of the Claim may agree or the Court may approve following Notice and Hearing (the "Class 3 Allowed Claim").

4.2.3.2 Satisfaction of Class 3 Claim. The Holder of the Class 3 Claim shall not receive any payment under the Plan on account of its Class 3 Claim. The Allowed Claim of CFT Clear Finance Technology Corp., if any, will be included in Class 11 and treated as an Unsecured Claim.

4.2.3.3 Security Interests. Confirmation of the Plan shall act as an avoidance of any lien rights held by the Holder of the Class 3 Claim pursuant to 11 U.S.C. § 506(d).

4.2.3.4 Impairment. Class 3 is impaired under the Plan.

**4.2.4 Class 4: Claim of LG Funding LLC**

Class 4 consists of the Claim of LG Funding LLC (the "Class 4 Claim"), as more fully described below. The Class 4 Claim shall be treated as follows:

4.2.4.1 Allowance of Claim. The Class 4 Claim shall be allowed or disallowed, as the case may be, whether prior to or following Confirmation, in such amount as to which the Debtor and the Holder of the Claim may agree or the Court may approve following Notice and Hearing (the "Class 4 Allowed Claim").

4.2.4.2 Satisfaction of Class 4 Claim. The Holder of the Class 4 Claim shall not receive any payment under the Plan on account of its Class 4 Claim. The Allowed Claim of LG Funding LLC, if any, will be included in Class 11 and treated as an Unsecured Claim.

4.2.4.3 Security Interests. Confirmation of the Plan shall act as an avoidance of any lien rights held by the Holder of the Class 4 Claim pursuant to 11 U.S.C. § 506(d).

4.2.4.4 Impairment. Class 4 is impaired under the Plan.

**4.2.5 Class 5: Claim of Ouiby Inc. d/b/a Kickfurther**

Class 5 consists of the Claim of Ouiby Inc. d/b/a Kickfurther (the "Class 5 Claim"), as more fully described below. The Class 5 Claim shall be treated as follows:

4.2.5.1 Allowance of Claim. The Class 5 Claim shall be allowed or disallowed, as the case may be, whether prior to or following Confirmation, in such amount as to which the Debtor and the Holder of the Claim may agree or the Court may approve following Notice and Hearing (the "Class 5 Allowed Claim").



BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104



25-00445-FPC11 Doc 123 Filed 09/16/25 Entered 09/16/25 15:29:52 Pg 11 of 22

4.2.5.2 Satisfaction of Class 5 Claim. The Holder of the Class 5 Claim shall not receive any payment under the Plan on account of its Class 5 Claim. The Allowed Claim of Ouiby Inc. d/b/a Kickfurther, if any, will be included in Class 11 and treated as an Unsecured Claim.

4.2.5.3 Security Interests. Confirmation of the Plan shall act as an avoidance of any lien rights held by the Holder of the Class 5 Claim pursuant to 11 U.S.C. § 506(d).

4.2.5.4 Impairment. Class 5 is impaired under the Plan.

**4.2.6 Class 6: Claim of Shopify Capital Inc.**

Class 6 consists of the Claim of Shopify Capital Inc. (the "Class 6 Claim"), as more fully described below. The Class 6 Claim shall be treated as follows:

4.2.6.1 Allowance of Claim. The Class 6 Claim shall be allowed or disallowed, as the case may be, whether prior to or following Confirmation, in such amount as to which the Debtor and the Holder of the Claim may agree or the Court may approve following Notice and Hearing (the "Class 6 Allowed Claim").

4.2.6.2 Satisfaction of Class 6 Claim. The Holder of the Class 6 Claim shall not receive any payment under the Plan on account of its Class 6 Claim. The Allowed Claim of Shopify Capital Inc., if any, will be included in Class 11 and treated as an Unsecured Claim.

4.2.6.3 Security Interests. Confirmation of the Plan shall act as an avoidance of any lien rights held by the Holder of the Class 6 Claim pursuant to 11 U.S.C. § 506(d).

4.2.6.4 Impairment. Class 6 is impaired under the Plan.

**4.2.7 Class 7: Claim of Capybara Capital, LLC**

Class 7 consists of the Claim of Capybara Capital, LLC (the "Class 7 Claim"), as more fully described below. The Class 7 Claim shall be treated as follows:

4.2.7.1 Allowance of Claim. The Class 7 Claim shall be allowed or disallowed, as the case may be, whether prior to or following Confirmation, in such amount as to which the Debtor and the Holder of the Claim may agree or the Court may approve following Notice and Hearing (the "Class 7 Allowed Claim").

4.2.7.2 Satisfaction of Class 7 Claim. The Holder of the Class 7 Claim shall not receive any payment under the Plan on account of its Class 7 Claim. The Allowed Claim of Capybara Capital, LLC, if any, will be included in Class 11 and treated as an Unsecured Claim.



BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104



25-00445-FPC11 Doc 123 Filed 09/16/25 Entered 09/16/25 15:29:52 Pg 12 of 22

4.2.7.3 Security Interests. Confirmation of the Plan shall act as an avoidance of any lien rights held by the Holder of the Class 7 Claim pursuant to 11 U.S.C. § 506(d).

4.2.7.4 Impairment. Class 7 is impaired under the Plan.

**4.2.8 Class 8: Claim of Essentia Funding**

Class 8 consists of the Claim of Essentia Funding (the "Class 8 Claim"), as more fully described below. The Class 8 Claim shall be treated as follows:

4.2.8.1 Allowance of Claim. The Class 8 Claim shall be allowed or disallowed, as the case may be, whether prior to or following Confirmation, in such amount as to which the Debtor and the Holder of the Claim may agree or the Court may approve following Notice and Hearing (the "Class 8 Allowed Claim").

4.2.8.2 Satisfaction of Class 8 Claim. The Holder of the Class 8 Claim shall not receive any payment under the Plan on account of its Class 8 Claim. The Allowed Claim of Essentia Funding, if any, will be included in Class 11 and treated as an Unsecured Claim.

4.2.8.3 Security Interests. Confirmation of the Plan shall act as an avoidance of any lien rights held by the Holder of the Class 8 Claim pursuant to 11 U.S.C. § 506(d).

4.2.8.4 Impairment. Class 8 is impaired under the Plan.

**4.2.9 Class 9: Claim of Fox Funding Group LLC**

Class 9 consists of the Claim of Fox Funding Group LLC (the "Class 9 Claim"), as more fully described below. The Class 9 Claim shall be treated as follows:

4.2.9.1 Allowance of Claim. The Class 9 Claim shall be allowed or disallowed, as the case may be, whether prior to or following Confirmation, in such amount as to which the Debtor and the Holder of the Claim may agree or the Court may approve following Notice and Hearing (the "Class 9 Allowed Claim").

4.2.9.2 Satisfaction of Class 9 Claim. The Holder of the Class 9 Claim shall not receive any payment under the Plan on account of its Class 9 Claim. The Allowed Claim of Fox Funding Group LLC, if any, will be included in Class 11 and treated as an Unsecured Claim.

4.2.9.3 Security Interests. Confirmation of the Plan shall act as an avoidance of any lien rights held by the Holder of the Class 9 Claim pursuant to 11 U.S.C. § 506(d).



BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104



25-00445-FPC11 Doc 123 Filed 09/16/25 Entered 09/16/25 15:29:52 Pg 13 of 22

4.2.9.4 Impairment. Class 9 is impaired under the Plan.

### 4.2.10 Class 10: Claim of Pinnacle Business Funding LLC

Class 10 consists of the Claim of Pinnacle Business Funding LLC (the "Class 10 Claim"), as more fully described below. The Class 10 Claim shall be treated as follows:

4.2.10.1 Allowance of Claim. The Class 10 Claim shall be allowed or disallowed, as the case may be, whether prior to or following Confirmation, in such amount as to which the Debtor and the Holder of the Claim may agree or the Court may approve following Notice and Hearing (the "Class 10 Allowed Claim").

4.2.10.2 Satisfaction of Class 10 Claim. The Holder of the Class 10 Claim shall not receive any payment under the Plan on account of its Class 10 Claim. The Allowed Claim of Pinnacle Business Funding LLC, if any, will be included in Class 11 and treated as an Unsecured Claim.

4.2.10.3 Security Interests. Confirmation of the Plan shall act as an avoidance of any lien rights held by the Holder of the Class 10 Claim pursuant to 11 U.S.C. § 506(d).

4.2.10.4 Impairment. Class 10 is impaired under the Plan.

### 4.2.11 Class 11: General Unsecured Claims

Class 11 consists of all Unsecured Claims (the "Class 11 Claims"). The Class 11 Claims shall be treated as follows:

4.2.11.1 Allowance of Claims. Each Class 11 Claim shall be allowed or disallowed, as the case may be, whether prior to or following Confirmation, in such amount as to which the Debtor and the Holder of the Claim may agree or the Court may approve following Notice and Hearing (each, a "Class 11 Allowed Claim").

4.2.11.2 Satisfaction of Class 11 Claims. The Reorganized Debtor shall pay the Holders of Class 11 Allowed Claims, Pro Rata, ninety thousand dollars ($90,000.00) per month for sixty (60) months. The first monthly payment shall be due on the fifteenth (15th) day of the first full calendar month that begins at least fourteen days after the Effective Date of the Plan. Each subsequent payment shall be due on the fifteenth (15th) day of each subsequent month. There shall be a seven-day grace period for all payments due on the Class 11 Claims. In addition to these monthly distributions, following the full payment of the SBA Claim and Priority Tax Claims, respectively, the monthly amount payable on the Class 11 Claims shall be increased by the amount that was previously payable on the SBA Claim and Priority Tax Claims, respectively. The forgoing payments to Holders of Class 11 Claims shall be in full satisfaction,



BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

settlement, discharge and release of, and in exchange for, each Class 11 Claim, and no further amounts shall be due or owing from the Reorganized Debtor to any Holder of a Class 11 Claim on account of its respective Claim against the Debtor. No interest shall accrue on any Class 11 Claim.

4.2.11.3 Impairment. Class 11 is impaired under the Plan.

**4.2.12 Class 12: Allowed Interests of Equity Holders.**

Class 12 consists of the Equity Interests held by Katherine Quinn (100%). Ms. Quinn will contribute $250,000.00 to the Reorganized Debtor within 30 days of the Effective Date and will retain her 100% ownership interest in the Reorganized Debtor.

## ARTICLE V.
## CLAIMS OBJECTIONS AND TREATMENT OF DISPUTED CLAIMS

### 5.1 Administration of Claims

Except as otherwise provided for herein, each Claim shall be allowed or disallowed, as the case may be, in such amount as the Court shall determine, whether prior to or following Confirmation, and whether pursuant to this Plan or otherwise, upon such notice as the Bankruptcy Court or Bankruptcy Rules shall permit except that, after the Effective Date, the Debtor may settle or compromise any controversies regarding Claims without notice or further order of the Court.

### 5.2 Defenses and Counterclaims Assigned to Reorganized Debtor

On the Effective Date, the Debtor shall be deemed to have assigned to the Reorganized Debtor, and the Reorganized Debtor shall be deemed to have acquired and become the successor to, all defenses, counterclaims and setoffs, whether equitable or legal, of the Debtor to Claims held or asserted to be held against the Debtor. Any objection to Claims must be filed and served in accordance with Bankruptcy Rule 3007; provided, however, that the foregoing limitations do not apply to any Claims filed subsequent to Confirmation. The deadline to object to Claims shall be sixty (60) days following the Effective Date of the Plan.

### 5.3 No Distribution on Disputed Claims

Notwithstanding any provision of the Plan specifying the time for payment of distributions to Holders of Claims, no payment or distribution shall be made to the Holder of a Claim until such Claim becomes an Allowed Claim by entry of a Final Order. Notwithstanding the existence of a Disputed Claim in a Class to which a distribution under this Plan is due, such distribution to Holders of Allowed Claims in such Class shall not be affected by any delay in the resolution of the Disputed Claim. Upon the allowance of any Disputed Claim, the Reorganized Holder shall distribute



BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104



25-00445-FPC11 Doc 123 Filed 09/16/25 Entered 09/16/25 15:29:52 Pg 15 of 22

funds to such Holder in the amount it would have received had its Claim been an Allowed Claim on the Effective Date.

## ARTICLE VI.
## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

### 6.1 Assumption of Leases

To the extent not already accomplished by separate motion and order of this Court, the Plan constitutes a motion by the Debtor to assume its Premises Lease with Tabit Partners and all other leases and executory contracts in effect as of the Effective Date, except as to such leases and executory contracts identified in Section 6.2 of this Plan, as of the Effective Date pursuant to § 365(a) of the Bankruptcy Code. Any party to a lease or executory contract that asserts a cure amount is owing shall, within the same deadline and in the same manner established for objections to Confirmation, file a Proof of Claim with the Bankruptcy Court for arrearage required to be cured by § 365(b)(1) of the Bankruptcy Code and any objections to the assumption. A party's failure to assert such arrearage or to file an objection shall constitute such party's agreement to the assumption and a conclusive acknowledgment that no defaults or Claims or Causes of Action exist under said lease or contract that require a cure.

### 6.2 Rejection of Executory Contracts and Unexpired Leases

The Plan constitutes a motion by the Debtor to reject its Professional Services Agreement, Master Services Agreement, and all other ancillary executory contracts with JASCI LLC as of the Effective Date, pursuant to 11 U.S.C. § 365. Any Claim arising from the rejection of an executory contract or unexpired lease is a Class 11 Claim to the extent it is an Allowed Claim. Any Person holding a Claim based upon the rejection of an executory contract or unexpired lease pursuant to this Section 6.2 must file a Proof of Claim with the Bankruptcy Court within thirty (30) days following the Effective Date. The failure of any such Person to file a Proof of Claim within the specified time period will result in the disallowance of such Claim.

## ARTICLE VII.
## MEANS FOR EXECUTION OF THE PLAN

### 7.1 Overview

The Plan assumes that the Reorganized Debtor will continue its operations and use the revenues generated by such operations to pay the distributions to Holders of Allowed Claims as set forth above.

### 7.2 Continued Operations of Reorganized Debtor

The Reorganized Debtor shall continue to own and operate its business in its sole discretion without further notice or order of the Court. So long as it complies with



BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

other provisions of this Plan and the Confirmation Order, the Reorganized Debtor shall have full discretion to take any action in connection with all aspects of the operation of its business.

**7.3 Distributions Under the Plan**

7.3.1 Sources of Funds for Distribution. The distributions to each of the Classes under the Plan shall be made from cash on hand and revenue generated by business operations and/or contributions of the funds provided pursuant to Article IV.B.3 of the Plan. All expenditures and distributions of funds by the Reorganized Debtor shall be free and clear of any liens, interests or encumbrances of any Person.

7.3.2 Disbursing Agent. The Reorganized Debtor shall act as the disbursing agent.

**7.4 Assignment and Disposition of Causes of Action and Avoidance Claims**

On the Effective Date, the Debtor shall be deemed to have assigned to the Reorganized Debtor, and the Reorganized Debtor shall be deemed to have acquired and become the successor to, all Causes of Action, including Avoidance Actions, of the Debtor for relief against any other party.

**7.5 Maintenance of Insurance**

The Reorganized Debtor shall continue to maintain insurance coverage in the same or more favorable amounts and type as the Debtor held as of the Petition Date.

**7.6 Cancellation of Indebtedness**

On the Effective Date, except for the purpose of evidencing a right to distribution under this Plan, any notes or other instruments or documents evidencing or creating any indebtedness or obligations of, or interest in, the Debtor, except assumed leases and executory contracts, and/or such notes or other instruments evidencing indebtedness or obligations of the Debtor that are unimpaired, reinstated, or amended and restated under this Plan, shall be cancelled and terminated and of no further force or effect.

**7.7 Continued Corporate Existence and Vesting of Assets in the Debtor**

On the Effective Date, the Debtor shall continue to exist in accordance with the laws of the State of Washington and pursuant to its Limited Liability Company Operating Agreement in effect prior to the Effective Date, except to the extent such Operating Agreement is amended under the Plan. Except as otherwise provided in the Plan, on and after the Effective Date, each item of property of the Debtor, including all Claims, rights and Causes of Action and any property acquired by the Debtor shall vest in the Reorganized Debtor free and clear of all Claims, Liens, charges, other encumbrances and interests except Liens, charges and other encumbrances which the



BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104



25-00445-FPC11 Doc 123 Filed 09/16/25 Entered 09/16/25 15:29:52 Pg 17 of 22

Debtor is required to grant or continue as explicitly set forth in the Plan. On and after the Effective Date, the Reorganized Debtor may operate its business and may use, acquire and dispose of property without supervision of or approval by the Bankruptcy Court in the exercise of ordinary business judgment.

## ARTICLE VIII.
## MISCELLANEOUS PROVISIONS

### 8.1 Unnegotiated Distribution Checks

Pursuant to § 347 of the Bankruptcy Code, ninety (90) days after any distribution to any Creditor by the Reorganized Debtor provided for herein, the Reorganized Debtor shall stop payment on any check on such distribution remaining unpaid to a Holder of an Allowed Claim and such funds (the "Unclaimed Funds") shall be returned to the Reorganized Debtor. From and after the date the Reorganized Debtor stops payment on any distribution check pursuant to this paragraph, the Holder of the Allowed Claim on account of which such check was issued shall be entitled to receive no further distributions on account of his claim and such Holder's Allowed Claim shall thereupon be deemed satisfied in full.

### 8.2 Mailing List; Returned Distribution Checks

The official listing of Creditor identities and mailing addresses is maintained by the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Eastern District of Washington (the "Official Mailing List"). It shall be the obligation of each Creditor and/or party in interest to assure that the Official Mailing List is current and accurate as to each such Person. In the event that a distribution check, that has been properly posted to the Person's address as set forth in the Official Mailing List, is returned as undeliverable by the United States Postal Service, the Reorganized Debtor shall be authorized, but not required, to void such check with the applicable funds becoming subject to further distribution pursuant to this Plan, and the Claim of such Creditor being deemed satisfied in full.

### 8.3 Administrative Claim Bar Date

The deadline for submission of all Claims entitled to priority pursuant to § 503(b) of the Bankruptcy Code incurred prior to Confirmation, with the exception of fees and costs of Professional Persons, shall be thirty (30) days following the Effective Date. Failure to file an Administrative Expense Claim by this date shall conclusively bar the claimant from asserting its Claim, which Claim shall be forever discharged.

### 8.4 Payments Shall Be Timely

The Reorganized Debtor shall timely make all payments required under this Plan. Without limiting the generality of the foregoing, the Reorganized Debtor shall be



BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

responsible for the timely payment of quarterly fees incurred pursuant to 28 U.S.C. § 1930(a)(6) following Confirmation of the Plan until the Bankruptcy Case is closed. After Confirmation of the Plan, the Reorganized Debtor shall serve on the U.S. Trustee quarterly a financial report for each quarter (or portion thereof) the Bankruptcy Case remains open. The financial report shall include a statement of all disbursements made during the course of the relevant quarter, whether or not pursuant to the Plan.

### 8.5 Employment of Professional Persons

The Reorganized Debtor shall be authorized to employ and compensate Professionals Persons following Confirmation upon such terms as the Reorganized Debtor deems reasonable and appropriate without further notice or order of the Court.

### 8.6 Treatment of Negotiable Instruments

Any negotiable instrument held by the Holder of a Claim shall be deemed exchanged, canceled or satisfied, as the case may be, on the Effective Date.

### 8.7 Exculpation

The Exculpated Parties shall not have or incur any liability to any Person for any act taken or omitted from the Petition Date to the Effective Date of the Plan, including, but not limited to, with respect to the formulation, preparation, dissemination, negotiation, implementation, confirmation, or approval of this Plan, or any contract, instrument, release, or other agreement or document provided for or contemplated in connection with the confirmation of this Plan; *provided, however*, that the provisions of this section shall not affect (i) the liability of any Person that otherwise would result from any such act or omission to the extent that such act or omission is determined in a Final Order to have constituted gross negligence or willful misconduct; or (ii) any obligations expressly arising under the Plan.

### 8.8 Injunction

Upon entry of a Final Decree by the Bankruptcy Court, all Persons and entities who have held, currently hold, or may hold a debt or Claim against the Debtor, the Estate, the Reorganized Debtor, or its respective property that is based upon any act or omission, transaction, or other activity of any kind or nature that arose or accrued prior to the Effective Date, or that is otherwise discharged pursuant to the Plan, shall be permanently enjoined to the fullest extent provided by the Bankruptcy Code from taking any of the following actions on account of any such discharged debt, Claim, or interest (the "Permanent Injunction"): (i) commencing or continuing in any manner any action or other proceeding against the Debtor, the Estate, the Reorganized Debtor, or its respective property that is inconsistent with this Plan or Confirmation Order; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order against the Debtor, the Estate, the Reorganized Debtor, or its respective property other than as specifically permitted under this Plan, as approved by the



BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Confirmation Order; (iii) creating, perfecting, or enforcing any lien or encumbrance against the Debtor, the Estate, the Reorganized Debtor, or its respective property in any manner that is inconsistent with the Plan or Confirmation Order; and (iv) commencing or continuing any action, in any manner, in any place that does not comply with or is inconsistent with the provisions of the Plan, the Confirmation Order, or the discharge provisions of 11 U.S.C. §§ 524 or 1141.

### 8.9 Event of Default; Consequence of Default

An event of default shall occur if the Reorganized Debtor fails to fulfill any material term of the Plan, including any payment due under the Plan. In such an event, the party alleging such default shall provide written notice of the alleged default to the Reorganized Debtor and its attorneys (the "Default Notice"), at each of the following addresses, which shall be deemed received (i) if by Federal Express or expedited delivery service, the confirmed date of delivery; (ii) if by electronic mail, the date of the transmission of such electronic mail; and (iii) if by U.S. Mail, the third Business Day thereafter:

Katherine Quinn
Kate Quinn Organics, Inc.
17624 15th Avenue SE, Suite A-110
Bothell, WA 98021

And:

Jason Wax
Richard Keeton
Bush Kornfeld LLP
601 Union Street, Suite 5000
Seattle, WA 98101-2373
Phone: 206-292-2110
Fax: 206-292-2104
Emails: jwax@bskd.com and rkeeton@bskd.com

If, after twenty-one (21) days following the Reorganized Debtor's and its counsel's receipt of the Default Notice, the Reorganized Debtor and such party have been unable to resolve, or the Reorganized Debtor has been unable to cure, the asserted default, such party may proceed with any remedies available to it under applicable law, provided that nothing herein shall limit or affect the Reorganized Debtor's right to seek appropriate relief from any court of competent jurisdiction. Nothing in this Plan prevents conversion to chapter 7 as a remedy for default under this Plan.

## ARTICLE IX.
## PLAN IS BINDING; DISCHARGE

Except as specifically provided in this Plan or in the Confirmation Order:



BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

9.1.1 The distributions made to the various Classes of Creditors as provided for in this Plan shall be in full and complete satisfaction of their Allowed Claims and Allowed Interests. The terms of this Plan and the Confirmation Order shall be binding on all Persons regardless of whether (a) such Person's Claim was scheduled, (b) a Proof of Claim was filed, (c) the Claim is an Allowed Claim, (d) the Person's Claim was in a Class that was impaired, or (e) the Holder thereof voted to accept the Plan.

9.1.2 Confirmation shall operate, upon the Effective Date, as a discharge of any and all debts and Claims against the Estate, the Debtor or Debtor-in-Possession that arose at any time prior to Confirmation to the fullest extent permitted by Bankruptcy Code § 1141. The discharge of the Debtor and the discharge of Claims against the Debtor, whether asserted against the Debtor or the Debtor-in-Possession shall be effective as to each Claim, regardless of whether (a) such Person's Claim was scheduled, (b) a Proof of Claim was filed, (c) the Claim is an Allowed Claim, (d) the Person's Claim was in a Class that was impaired, or (e) the Holder thereof voted to accept the Plan.

## ARTICLE X.
## MODIFICATIONS OF THE PLAN

Pursuant to the provisions of § 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, the Debtor reserves the right to modify or alter the provisions of the Plan at any time prior to or subsequent to Confirmation.

## ARTICLE XI.
## RETENTION OF JURISDICTION BY THE BANKRUPTCY COURT

Notwithstanding Confirmation, until entry of a final decree, the Bankruptcy Court retains jurisdiction to ensure that the purposes and intent of the Plan are carried out. Without limiting the generality of the foregoing, the Court retains jurisdiction for the following purposes:

11.1.1 Fixing and allowing any Claim as a cost and expense of the administration of the Bankruptcy Case;

11.1.2 Re-examining any Claim that has been allowed;

11.1.3 Hearing and determining objections to Claims. The failure of the Debtor to object to, or to examine any Claim for the purpose of voting, shall not be deemed to be a waiver of the Debtor's right to object to, or re-examine any claim in whole or in part;



BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

11.1.4 Hearing and determining any action brought by the Reorganized Debtor on behalf of the Estate seeking to avoid any transfer of an interest of the Debtor in property, or any obligation incurred by Debtor, that is avoidable pursuant to applicable law;

11.1.5 Hearing and determining all causes of action, controversies, disputes, or conflicts between or among the Debtor, and any other party, including those that were pending prior to Confirmation;

11.1.6 Hearing and determining all questions and disputes regarding title to the property of the Estate;

11.1.7 Correcting any defect, curing any omission, or reconciling any inconsistency in the Plan or the Confirmation Order as may be necessary to carry out the purpose and intent of the Plan;

11.1.8 Issuing any order necessary to implement the Plan or Confirmation Order, including, without limitation, such declaratory and injunctive orders as are appropriate to protect the Debtor, the Estate and the Reorganized Debtor from actions of Creditors, or other parties-in-interest;

11.1.9 Hearing and determining any dispute relating to the terms or implementation of the Plan or Confirmation Order, or to the rights or obligations of any parties-in-interest with respect thereto; and

11.1.10 The modification of the Plan after Confirmation pursuant to the Bankruptcy Rules and the Bankruptcy Code in accordance with Article XI above.

## ARTICLE XII.
## ENTRY OF CLOSING ORDER BY THE BANKRUPTCY COURT

The Bankruptcy Court shall enter an order concluding and terminating the Bankruptcy Case upon application of the Reorganized Debtor.

DATED this 16th day of September, 2025.

KATE QUINN ORGANICS, INC.

By *___/s/ Katherine Quinn___*
Katherine Quinn
Its President



BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104